UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JAMIE PHILLIP PERRY,

        Plaintiff,                      Case No. 1:24-cv-542

v.                                         Honorable Ray Kent

CARRI BRISENO et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.7.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim and as frivolous.

## Discussion

### I.  Factual Allegations

Plaintiff Jamie Phillip Perry is currently incarcerated at the Berrien County Jail in St. Joseph, Michigan. The Berrien County Sheriff's Office Inmate Search tool indicates that Plaintiff is currently detained pending several criminal charges, including one charge of homicide (open murder). *See* https://www.berriencounty.org/558/Inmate-Search (last visited June 5, 2024) (type "Perry" for "Last Name," type "Jamie" for "First Name," select "Search," then select "View Details"). In his complaint, Plaintiff sues the following entities and individuals: the State of

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Michigan; the City of Niles; the Berrien County Sheriff's Department; the Berrien County Jail; the City of Niles Police Department; the Berrien County Public Defender's Office; Carri Briseno; Katherin Arnold; Judges Charles T. Lasata and Jennifer L. Smith; Correctional Officers/Deputies Unknown Sherrick and B. Sutherland; Deputy R. Soper; Judicial Officer Gary J. Bruce; Prosecutors Steven Pierangeli, Jeffery B. Taylor, and Michael B. Murphy; and Public Defender Amy McDowell.

In his complaint, Plaintiff states that he has been detained since September 30, 2023. (Compl., ECF No. 1, PageID.5.) He suggests that he used deadly force in self-defense when "a man waived a pistol at [his] face." (*Id.*) According to Plaintiff, a video "proving [his] innocence" surfaced on the Internet. (*Id.*)

Plaintiff contends that an investigation revealed that the "person who waved the gun at [him] was a hired hitman set out to kill [him]." (*Id.*) According to Plaintiff, the Niles police detective found evidence of this information, and it "turns out to be more than 42+ people involved." (*Id.*) Plaintiff claims that some of the involved individuals are deputy sheriffs and that they are having their families "try to play out a [fantasy] outside of the jail for [Plaintiff] killing the individual." (*Id.*)

Plaintiff goes on to state that he is from St. Louis, Missouri, and "somehow [he has] a spy cam in [his] eye but [he is] not CIA." (*Id.*) Plaintiff alleges that "every movement is being watched in [his] cell," and he is sure that he is being "set up." (*Id.*) Plaintiff contends that after an "illegal surgery" in St. Louis, a judge sued the hospital and decided to kill Plaintiff "after starting [JPay] tablets in the prison system." (*Id.*) According to Plaintiff, there are "a lot of people locked up here who are involved which is causing [Plaintiff] to possibly be on a 24 [hour] watch." (*Id.*) There is

4

no camera in Plaintiff's cell, and he has been on a 22-hour lockdown since October of 2023. (*Id.*) Plaintiff also vaguely mentions that the complaint and warrant are not properly endorsed. (*Id.*)

Plaintiff states that "[m]any of the people listed are heard talking loud outside the jail an[d] on speaker but not in the cell." (*Id.*, PageID.4.) He avers that the judges and correctional officers and prosecutors have told him that he will die in Berrien County because of shooting their family member. (*Id.*) Plaintiff claims that people believe he is mentally ill. (*Id.*) "All of these folks have threate[n]ed to storm [Plaintiff's] cell and kill [him], an[d] have even tried to use [fentanyl] in [his] food." (*Id.*) According to Plaintiff, this is "playing some sick [fantasy] for shooting an[d] apparently killing this person." (*Id.*)

Plaintiff goes on to state that Defendant Lasata's wife, who is not a judicial officer, arraigned Plaintiff on two misdemeanor charges and pushed Plaintiff's court date back. (*Id.*) He also avers that he went to high school with an individual named Natalie Elizabeth Myers, and that she has sided with "plenty of people to kill [Plaintiff] an[d] receive money for [his] death." (*Id.*) "These people were told they would receive 9 figures or more for [Plaintiff's] death." (*Id.*) Plaintiff claims that he has been "questioned about the bank account in [his] cell from the [F]ederal [R]eserve," but claims that he has no knowledge of the account. (*Id.*)

Plaintiff asks to "press charges on these people for murder for hire/conspiracy." (*Id.*) He claims that he is innocent, and that he needs to be released from the Berrien County Jail because he "didn't order protective custody." (*Id.*)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels

5

and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff does not specify the constitutional rights allegedly infringed. However, given his assertions that he is innocent and acted in self-defense, the Court construes Plaintiff's complaint to assert alleged constitutional violations surrounding his criminal prosecution and his

6

assertion that there is a conspiracy to have him killed. Plaintiff's complaint, however, fails to state a claim for relief for the various reasons set forth below.

### A. Forms of Relief Sought

As noted above, Plaintiff seeks two types of relief: (1) he wants to press charges "on these people for murder for hire/conspiracy"; and (2) he wants to be released from the Berrien County Jail. (Compl., ECF No. 1, PageID.7.) However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Inmates of Attica Corr. Fac. v. Rockefeller*, 477 F.2d 375, 382–83 (2d Cir. 1973) (holding that a federal court cannot compel state prosecutors to commence a prosecution).

Moreover, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of [42 U.S.C.] § 1983."). Thus, Plaintiff's request for immediate release is not cognizable in this civil rights action. If Plaintiff seeks to challenge his pretrial detention, he may do so by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For those reasons alone, Plaintiff's complaint is subject to dismissal. Plaintiff's complaint, however, suffers from further additional defects, which the Court discusses below.

### B. Named Defendants

#### 1. State of Michigan

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived

immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, Plaintiff's claims against the State of Michigan are subject to dismissal.

### 2. Berrien County Jail

Plaintiff has also named the Berrien County Jail as a Defendant. A county jail, however, is a building that houses prisoners and pretrial detainees and is not a "person" capable of being sued under § 1983. *See Goldman v. Kalamazoo Cnty. Jail*, No. 1:16-cv-359, 2016 WL 3180043, at *2 (W.D. Mich. June 8, 2016) (collecting cases). For that reason alone, the Berrien County Jail is subject to dismissal. Moreover, as discussed *infra*, even if the Court assumed that Plaintiff intended to sue Berrien County, the complaint would still fall short.

### 3. City of Niles, Berrien County Sheriff's Department, and City of Niles Police Department

Plaintiff also names the City of Niles, the Berrien County Sheriff's Department, and the City of Niles Police Department as Defendants. The Sheriff's Department and the Police Department, however, are "subsumed within [Berrien County and the City of Niles, respectively] as . . . municipal entit[ies] to be sued under § 1983." *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *see also Rhodes v. McDaniel*, 945 F.2d 117, 120 (6th Cir. 1991) (noting that sheriff's departments are part of a larger political subdivision and cannot be sued); *Hale v. Vance*, 267 F. Supp. 2d 725, 737 (S.D. Ohio 2003) (concluding that the Cincinnati Police Department was

8

Case 1:24-cv-00542-RSK ECF No. 6, PageID.28 Filed 06/21/24 Page 9 of 14

a "mere arm of the City" and "not its own entity" and, therefore, was "not capable of being sued" under § 1983). Accordingly, those entities are subject to dismissal.

Even assuming that Plaintiff intended to sue Berrien County alongside the City of Niles, he fails to state a claim upon which relief may be granted. The City and County cannot be held vicariously liable for the actions of their law enforcement officers under § 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011); *City of Canton v. Harris*, 489 U.S. 378, 392 (1989). Instead, a municipality is liable only when its official policy or custom causes the injury. *Connick*, 563 U.S. at 60. This policy or custom must be the moving force behind the alleged constitutional injury, and the plaintiff must identify the policy or custom, connect it to the governmental entity, and show that his injury was incurred because of the policy or custom. *See Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005).

A policy includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the municipality. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Moreover, the Sixth Circuit has explained that a custom "for purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law." *Doe v. Claiborne Cnty.*, 103 F.3d 495, 507 (6th Cir. 1996). "In short, a 'custom' is a 'legal institution' not memorialized by written law." *Id.* at 508. Plaintiff's complaint is devoid of any allegations suggesting that his alleged constitutional injuries were the result of official policies or customs employed by the City of Niles and Berrien County. The Court, therefore, will dismiss the City of Niles and any intended claims against Berrien County. *See Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of custom or policy was conclusory, and plaintiff failed to state facts supporting the allegation).

9

### 4. Berrien County Public Defender's Office and Defendant McDowell

Plaintiff has also named the Berrien County Public Defender's Office and Defendant McDowell, a public defender, as Defendants. As an initial matter, the Public Defender's Office is not a "person" for purposes of § 1983. *See Newell v. Montgomery Cnty. Pub. Defender's Office*, No. Civ.A. 3 09 0440, 2009 WL 1392838, at *2 (M.D. Tenn. May 18, 2009) (citing *Reitz v. Cnty. of Bucks*, 125 F.3d 139 (3d Cir. 1997)). In any event, Plaintiff fails to set forth facts in his complaint suggesting that the alleged violations of his constitutional rights were caused by a policy or custom attributable to the Public Defender's Office.

Moreover, Plaintiff cannot establish that Defendant McDowell is a state actor for purposes of § 1983. "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Even if Defendant McDowell was paid by the State of Michigan because of her position as a public defender, such does not transform her into a state actor. *See Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (stating that "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'"). Accordingly, Defendants Berrien County Public Defender's Office and McDowell are subject to dismissal as well.

### 5. Remaining Defendants (Defendants Briseno, Arnold, Lasata, Smith, Sherrick, Sutherland, Soper, Bruce, Pierangeli, Taylor, and Murphy)

With respect to the remaining named Defendants, although Plaintiff has named these individuals as Defendants, he fails to name all of them, with the exception of Defendant Lasata, in the body of his complaint. Nevertheless, Plaintiff's only reference to Defendant Lasata is his assertion that Defendant Lasata's wife arraigned Plaintiff on two misdemeanor charges. (Compl.,

ECF No. 1, PageID.6.) Instead, Plaintiff references "they" and "prosecutors" and "judges" throughout his complaint.

Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). Moreover, while Plaintiff refers to "they" and "prosecutors" and "judges" throughout his complaint, "[s]ummary reference to a single, five-headed 'Defendants' [or staff] does not support a reasonable inference that each Defendant is liable." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted) ("This Court has consistently held that . . . claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did not violate the asserted constitutional right." (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))). Plaintiff's claims against these Defendants fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal for that reason alone. *See* Fed. R. Civ. P. 8(a)(2) (requiring "a short a plain statement of the claim showing that the pleader is entitled to relief").

Further, as noted above, Plaintiff appears to take issue with his pending criminal prosecution, as he asserts that he is innocent and acted in self-defense. Defendants Pierangeli, Taylor, and Murphy, as prosecutors, are entitled to absolute immunity for any of their actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *See Kalina v.*

11

*Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Acts which occur in the course of the prosecutor's role as advocate are entitled to the protection afforded by absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276–78 (1993); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797.

Here, any actions taken by Defendants Pierangeli, Taylor, and Murphy with respect to charging Plaintiff and prosecuting him for violations of state law are intimately associated with the judicial phase of the criminal process. Accordingly, Defendants Pierangeli, Taylor, and Murphy are entitled to immunity from any such claims, and such claims will be dismissed.

Plaintiff has also named Judges Lasata, Smith, and Bruce as Defendants. However, injunctive relief "shall not be granted" in an action against a "judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." *See* 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff's complaint is devoid of any allegations suggesting that Defendants Lasata, Smith, and Bruce violated any declaratory decrees or that declaratory relief was unavailable.

Plaintiff, therefore, cannot maintain any claims against Defendants Lasata, Smith, and Bruce premised upon any acts or omissions they took in their judicial capacities.

### C. Frivolous Claims

While Plaintiff suggests that Defendants are involved in a vast conspiracy to have Plaintiff killed for money, the Court need not accept as true factual allegations that are "fantastic or delusional." *Hill*, 630 F.3d at 471 (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)). A court may "dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Under that standard, it is appropriate to find factual allegations frivolous when they "rise to the level of the irrational or the wholly incredible." *Id.* at 33. Plaintiff's claims that Defendants are involved in a vast plot to have Plaintiff killed are wholly incredible. Any such claims will be dismissed as frivolous.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim and as frivolous, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is

13

barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   June 21, 2024                               /s/ Ray Kent
                                                     Ray Kent
                                                     United States Magistrate Judge